STATE OF NEBRASKA, APPELLEE, V. DAVID A. SHAW, SR.,
APPELLANT.

277 N. W. 2d 106

Filed March 27, 1979. No. 42198.

Michael D. Gooch, for appellant.

Paul L. Douglas, Attorney General, and Marilyn
B. Hutchinson, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN,
CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

KRIVOSHA, C. J.
This appeal is from an order of the District Court

for Sarpy County, Nebraska, denying defendant's motion for post conviction relief. Defendant assigns as error: (1) That the trial court erred in finding that post conviction relief was not the proper remedy for defendant; and (2) that the trial court erred in failing to find that defendant had been denied his constitutional right to effective assistance of counsel as guaranteed by the Sixth Amendment, made applicable to the states by the Fourteenth Amendment to the United States Constitution. We have carefully examined the record in this matter and find the decision reached by the trial court was basically correct and should be affirmed. Nevertheless, we believe this case displays some of the painful ambiguities found in the Nebraska sexual sociopath law (sections 29-2901 to 29-2910, R. R. S. 1943), which therefore require us to make a detailed examination of this case. The uncertainty caused by the law requires us to declare certain principles which will resolve both the instant case and subsequent cases brought pursuant to the sexual sociopath law.

The evidence discloses the defendant was charged with the commission of a sexual assault in violation of section 28-408.04, R. R. S. 1943. On June 8, 1977, defendant appeared at arraignment with his court-appointed counsel and entered a plea of guilty to the charge. The record discloses that by reason of entering such a plea of guilty the county attorney agreed to dismiss two other charges then pending against defendant, and agreed further not to file an additional charge against defendant.

After receiving the plea of guilty, the court made inquiry of defendant as to whether he had ever been involved in any prior sexual offenses and was advised that defendant had so been involved. The court announced all further proceedings on the sexual assault charge would then be suspended, and that the matter would proceed pursuant to the provisions of the sexual sociopath law. It would appear

this came as no surprise to defendant or his counsel. The record specifically disclosed that, prior to the hearing on June 8, 1977, the court and counsel had discussed the possibility of determining whether defendant was a sexual sociopath.

On July 13, 1977, defendant again appeared before the trial judge with his court-appointed counsel. At that time, defendant waived his right to postpone for 10 days a hearing on the probability of his being a sexual sociopath and asked the court to proceed at once on the matter. The court received two medical evaluations and by reason thereof found defendant to be a sexual sociopath. On July 13, 1977, the court further ordered defendant committed to the Nebraska Regional Center for observation and diagnosis pursuant to the provisions of section 29-2903, R. R. S. 1943, for a period not to exceed 90 days.

On September 7, 1977, defendant appeared before the District Court with his court-appointed counsel and waived his right to a jury trial on the issues of whether defendant was a sexual sociopath and if so, whether defendant was treatable.

On October 27, 1977, defendant appeared in the District Court with his court-appointed counsel and was found by the District Court to be a sexual sociopath. The court further found defendant would not benefit from treatment at the Nebraska Regional Center. Defendant was therefore committed to the Nebraska Penal and Correctional Complex for an indefinite period, pursuant to the provisions of section 29-2903 (3), R. R. S. 1943. No appeal was taken from either the plea of guilty to the sexual assault charge entered by defendant on June 8, 1977, or from the finding and order as to his sexual sociopath status which the District Court entered on October 27, 1977.

Sometime in April of 1978, defendant filed a motion for post conviction relief, maintaining he received ineffective assistance of counsel, thereby denying him his constitutional rights. An evidentiary

hearing on the motion was held before the District Court for Sarpy County, Nebraska, on June 1, 1978, with defendant present in court. At this time the defendant was represented by Mr. Michael Gooch who subsequently was appointed by the court to represent defendant in the post conviction matter.

Defendant maintained that he had requested his initial court-appointed counsel to appeal from the order of the court entered on October 27, 1977.

His initial court-appointed attorney testified that he had in fact discussed with defendant the matter of appealing both the plea entered on June 8, 1977, as well as the order entered on October 27, 1977, but had advised defendant that, in counsel's opinion, appeal would be unsuccessful in either case. He further testified the defendant did not indicate any desire to appeal either from his plea of guilty entered on June 8, 1977, or from the order of the court entered on October 27, 1977.

The record is somewhat unclear as to whether the trial court denied defendant relief by reason of the court's determination that post conviction relief was not proper or because defendant had not been denied the assistance of effective counsel in fact. While the trial judge indicated he was not certain whether post conviction relief was applicable in this case, he nevertheless made positive findings to the same extent as would have been made had post conviction relief been available. Confusion occurred in the trial court's mind by reason of the fact that defendant had never been sentenced on the sexual assault charge. Since the provisions of the Post Conviction Act apply to prisoners in custody *under sentence,* the availability of this remedy was questioned by the trial court. § 29-3001, R. R. S. 1943.

Failure to impose a sentence on the criminal charge when sexual sociopath proceedings are had has been a source of difficulty in a number of previous cases. In State v. Irwin, 191 Neb. 169, 214 N.

W. 2d 595, we thought to some extent we had eliminated that difficulty. Apparently we did not and therefore we shall attempt to do so herein. Hopefully such action will then put an end to the confusion which has heretofore existed.

Before one may be found to be a sexual sociopath it is required that the individual first be convicted of a sexual offense. §§ 29-2901 and 29-2902, R. R. S. 1943. Provisions of the sexual sociopath law then provide that all further criminal proceedings are to be suspended until proceedings under the sexual sociopath law are held. No sentence is to be imposed unless defendant is found not to be a sexual sociopath or is ultimately determined to be a fit subject for discharge from either the Nebraska Penal and Correctional Complex or the Nebraska Regional Center. § 29-2906 (3), R. R. S. 1943. This procedure of suspending the criminal action and delaying the imposition of sentence on the criminal charge until an individual is fit for discharge may result in the imposition of sentence being delayed for many years. It thereby denies defendant any right of appeal on the original criminal conviction until that time.

We have previously said that before a criminal matter may be appealed to this court, it must be a final judgment. No judgment will be regarded as final unless a sentence is pronounced. Kennedy v. State, 170 Neb. 193, 101 N. W. 2d 853. It is therefore clear that by delaying the imposition of a sentence indefinitely, a defendant is denied the right of appeal from the original charge. Such denial offends basic notions of due process and equal protection of the law and cannot be permitted.

Moreover, the ultimate imposition of sentence may be made by a judge not familiar with the matter and at a time when witnesses favorable and necessary to an adequate defense may no longer be available to the defendant, which likewise offends notions of

due process and equal protection. There would be little comfort to a defendant who obtained a reversal of his criminal conviction 30 years after being found guilty, only to then discover that no witnesses essential to his cause on retrial were available. Likewise, it takes little analysis to recognize that one may not be declared a sexual sociopath unless and until one is convicted of a sexual offense. § 29-2901, R. R. S. 1943. Yet without the imposition of a sentence, one has no right of appeal from that conviction until after he is determined to be fit for release. Such a result cannot be permitted to obtain. See, Ex parte United States, 242 U. S. 27, 37 S. Ct. 72, 61 L. Ed. 129; and Mintie v. Biddle, 15 F. 2d 931 (8th Cir., 1926). See, also, American Bar Association Minimum Standards for Criminal Justice, Sentencing Alternatives and Procedures, § 5.4 (a).

We therefore hold, pursuant to section 29-2902, R. R. S. 1943, criminal proceedings in a case in which there is probable cause to believe that defendant is a sexual sociopath may be adjourned and the sentence suspended until proceedings pursuant to the sexual sociopath law have been completed. Upon completion of those proceedings, at the earliest possible time thereafter, defendant shall be returned to the District Court wherein he was convicted. At that time an appropriate sentence on the criminal charge shall be imposed. Such sentence shall be deemed to commence from such time as defendant is committed to either the Nebraska Regional Center or the Nebraska Penal and Correctional Complex, less any credit for time already spent in incarceration. No defendant shall be required to remain in custody for a period of time longer than the sentence imposed for the criminal charge or until such time as defendant is determined to be a subject fit for release, whichever *later* occurs. It would appear this would guarantee defendant his necessary constitutional

rights while protecting the rights of society in regard thereto.

All persons presently in custody as sexual sociopaths, who have not been sentenced for the sexual assaults which led to their being declared a sexual sociopath, should be returned to the district in which they were convicted for the purpose of sentencing on the criminal charge. Such sentence shall commence to run from the date in which such defendant was incarcerated less appropriate credit for time served prior to conviction.

By reason of the action that we take, the confusion and difficulty which has heretofore existed concerning the manner of appeal from such actions should now be resolved. Post conviction remedies are available only in criminal matters and only to individuals who are in custody under sentence. Therefore, an individual convicted of a sexual offense may, after the imposition of a sentence on the criminal charge, file a direct appeal of such judgment to this court or may, in an appropriate case, file a motion for post conviction relief.

With the foregoing in mind, we turn again to a review of the trial court's refusal to grant defendant relief under his motion for post conviction relief.

Confinement under the sexual sociopath law is not criminal in nature, but is rather civil. See, State v. Irwin, 191 Neb. 169, 214 N. W. 2d 595, and State v. Little, 199 Neb. 772, 261 N. W. 2d 847. Appeals from confinement as a sexual sociopath or from the annual review are in accordance with the provisions of section 29-2906, R. R. S. 1943. Rules applicable to civil appeals control in such cases. Likewise, a writ of habeas corpus may be available to a defendant who maintains that he is being held in custody unlawfully. §§ 29-2801 to 29-2824, R. R. S. 1943.

In light of what we have said in this case, and the fact that defendant has not been sentenced, no final order yet exists. Therefore, no further consideration

at this time need be given to any matters concerning the defendant's conviction for sexual assault. Likewise, post conviction relief, not applicable to actions under the sexual sociopath law, need not be considered. Should defendant maintain he is not now a sexual sociopath, he has full right to raise that matter at his annual review or upon an appeal therefrom, or may bring an action for habeas corpus. A denial of effective assistance of counsel would not be applicable to a civil proceeding. Accordingly, we need not therefore consider the errors alleged by the defendant as to that claim. The judgment of the District Court denying relief to the defendant is affirmed.

AFFIRMED.