STATE OF NEBRASKA, APPELLEE, V.
JAMES RAY MOORE, APPELLANT.

302 N.W.2d 728

Filed March 6, 1981. Nos. 43451, 43452.

Thomas M. Kenney, Douglas County Public Defender, and Bennett G. Hornstein for appellant.

Paul L. Douglas, Attorney General, and Shanler D. Cronk for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

The defendant has appealed from delayed sentences imposed upon him for sexual offenses. The defendant contends that he was erroneously denied credit on the sentences for the time he was confined as an untreatable sexual sociopath and that the sentences were excessive.

The defendant was originally charged in two separate criminal prosecutions. Case No. 43451 arose out of events which occurred on June 27, 1975. In that proceeding the defendant was charged with robbery, forcible rape, sodomy, and use of a firearm in the commission of a felony. He was found guilty by a jury on all four counts. On December 5, 1975, he was sentenced to 15 to 30 years' imprisonment on the robbery count

and to not less than 3 years nor more than 10 years on the unlawful use of a firearm count, with that sentence to run consecutively to the robbery sentence. Sentencing was delayed on the rape and sodomy counts to determine whether the defendant was a sexual sociopath. On March 19, 1976, the defendant was found to be an untreatable sexual sociopath and committed to the Nebraska Penal and Correctional Complex for an indefinite period and ordered to be kept separate from the regular prison population.

The second case, No. 43452, arose out of events which occurred on May 6, 1975, involving a different victim. In that proceeding the defendant was charged with robbery, forcible rape, use of a firearm in the commission of a felony, and by later amendment an habitual criminal count was added. On January 22, 1976, the defendant pleaded guilty to the robbery and the rape charges, and the firearm and habitual criminal charges were dismissed. On the same day the defendant was sentenced to not less than 15 years nor more than 30 years' imprisonment on the robbery count, the sentence to run concurrently with the sentences already imposed in case No. 43451. The sentence on the rape charge was deferred for determination of the defendant's status as a sexual sociopath. On March 19, 1976, the defendant was found to be an untreatable sexual sociopath as to the rape count and ordered confined in the Nebraska Penal and Correctional Complex under provisions essentially the same as in the first prosecution.

On March 27, 1979, in an unrelated case interpreting the sexual sociopath statutes under which the defendant was committed, this court held that upon completion of any proceedings to determine that a defendant was a sexual sociopath, at the earliest possible time thereafter a defendant was to be returned to the District Court and an appropriate sentence on the criminal charge was to be imposed. We said: "Such sentence shall be deemed to commence from such time as defend-

ant is committed to either the Nebraska Regional Center or the Nebraska Penal and Correctional Complex, less any credit for time already spent in incarceration." *State v. Shaw*, 202 Neb. 766, 771, 277 N.W.2d 106, 110-11 (1979).

With respect to persons then in custody as sexual sociopaths who had not previously been sentenced, this court directed that they should be returned to the district in which they were convicted for the purpose of sentencing on the criminal charge, and we said: "Such sentence shall commence to run from the date in [sic] which such defendant was incarcerated less appropriate credit for time served prior to conviction." *Shaw* at 772, 277 N.W.2d at 111.

In 1979 the sexual sociopath laws under which the defendant had been committed to the penal complex as a sexual sociopath were repealed and replaced by Neb. Rev. Stat. §§ 29-2911 to 29-2921 (Reissue 1979). The new statutes became effective May 24, 1979. The statutes require that persons convicted of a felony sexual offense and believed to be "mentally disordered sex offenders," after evaluation, are to be sentenced for the felony sexual offense. If the defendant is found not to be a mentally disordered sex offender or a nontreatable mentally disordered sex offender the defendant is to be sentenced "as provided by law on the offense for which he or she has been convicted." If the defendant is found to be a mentally disordered sex offender whose disorder is treatable, the court is to commit the defendant for treatment in a regional center. If, after commitment for treatment, it is determined that a defendant no longer has a mental disorder or that he has received the maximum benefit of treatment, the defendant is required to be returned to the sentencing court for further disposition, which can include sending the defendant to the Nebraska Penal and Correctional Complex for the remainder of his or her sentence or further disposition not inconsistent with the terms of the statutes. Credit is required to be given on the

sentence for the time spent in treatment. See §§ 29-2912 to 29-2919.

Section 29-2921 provides that all persons committed as sexual psychopaths or sexual sociopaths under prior statutes, now repealed, should forthwith be returned to the District Court which committed them for review and disposition consistent with the terms of the new statutes.

In April 1980 the defendant was returned to the District Court for sentencing in both cases on the sexual offenses underlying his 1976 commitment as a sexual sociopath. On April 24, 1980, the District Court, in case No. 43451, found that the defendant was not a mentally disordered sex offender and sentenced him to imprisonment for not less than 5 years nor more than 10 years on the rape conviction, the sentence to be consecutive to the previous consecutive sentences for robbery and for use of a firearm in commission of a felony. The District Court also sentenced the defendant to imprisonment for not less than 5 years nor more than 10 years on the sodomy charge and provided that that sentence was to be consecutive to the rape sentence pronounced on the same day. The District Court granted no credit for time served as a sexual sociopath against either the rape or the sodomy sentence.

On the same day, in case No. 43452, the District Court sentenced the defendant to imprisonment for not less than 5 years nor more than 10 years for rape and provided that the sentence should be consecutive to the robbery sentence pronounced in 1976 in the same case, and directed that both sentences were to run concurrently with the sentences pronounced in case No. 43451.

In this appeal the defendant contends that he was erroneously denied any credit for the 4 years and 26 days he was confined in the penal complex under commitment as a sexual sociopath without having been sentenced on the underlying sexual crimes. He also contends that the sentences were excessive.

The statutes pertaining to mentally disordered sex offenders under which the defendant was sentenced, as well as our prior decision in *State v. Shaw*, make it clear that upon a delayed sentencing for a sexual offense credit must be given for time spent in confinement under a commitment as a sexual sociopath based on the same sexual offense. No problem arises except in cases where consecutive sentences are imposed. Sections 29-2911 to 29-2921 do not restrict the imposition of consecutive sentences nor place any limitations on the designation of the order in which multiple consecutive sentences shall be served.

Where delayed consecutive sentences for sexual offenses are pronounced, as in this case, credit for time served under a prior sexual sociopath commitment based on the same sexual offenses is to be applied to the first sexual sentence to be served. Only excess credit, if any, is to be applied to any consecutive sexual sentence to be served later. Credit shall not be applied on any sentence until the defendant commences to serve the sentence.

The defendant also asserts that the sentences in this case were excessive. The sentences were well within statutory limits and the record establishes that there was no abuse of discretion on the part of the trial court.

That portion of the judgment in case No. 43451 denying credit against the sexual sentences for time spent under commitment as a sexual sociopath is vacated. Credit of 4 years 26 days shall be given on the rape sentence in case No. 43451 to be credited at the time the defendant commences to serve that sentence. As so modified the judgments and sentences are affirmed.

AFFIRMED AS MODIFIED.

KRIVOSHA, C.J., concurs in result.

HASTINGS, J., dissenting.

The effect of the majority opinion is to reduce by 4 years and 26 days the clear and explicit sentences of

the District Court. This was accomplished by a somewhat strained application of the rule laid down in *State v. Shaw*, 202 Neb. 766, 277 N.W.2d 106 (1979), under similar but significantly distinguishable circumstances.

In *Shaw*, at the time he was returned to the trial court for sentencing pursuant to our order, he was being held in the penitentiary solely because of his commitment as a sexual sociopath. He had no liability to the State of Nebraska for penal servitude other than that for the crime of sexual assault. Therefore, it was entirely proper that he be given credit against his obligation under a sentence for that crime for the time which he had already served.

Here, however, at the time of the court's entry of the order of commitment as a sexual sociopath, the defendant had been sentenced to the penitentiary for crimes other than the sexual crimes and had begun to serve those sentences. Until he had completed those sentences, he was not free to begin any period of confinement for different crimes.

Nevertheless, as a result of our opinion today, it appears that defendant will receive credit against both his sentences for robbery and sexual assault for the same period of time served, contrary to the stated intention of the District Court. I disagree with that result.

BOSLAUGH and CLINTON, JJ., join in this dissent.