STATE OF NEBRASKA, APPELLEE, V.
JOHN MEREDITH, APPELLANT.

304 N.W.2d 926

Filed April 24, 1981. No. 43472.

Thomas M. Kenney, Douglas County Public Defender, Stanley A. Krieger, and Bennett G. Hornstein for appellant.

Paul L. Douglas, Attorney General, and Jerold V. Fennell for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

In this appeal from the District Court for Douglas County, Nebraska, on a conviction of attempted robbery, the defendant was found guilty by a jury and further found to be an habitual criminal. He was sentenced to a term of from 15 to 25 years in the Nebraska Penal and Correctional Complex. The defendant assigns two errors: (1) That the information

against the defendant was fatally defective; and (2) That the statute defining criminal attempt under which the defendant was charged is unconstitutional.

The information charged as follows: The defendant ". . . JOHN MEREDITH late of the County of Douglas aforesaid, in the County of Douglas and State of Nebraska aforesaid, then and there being, did then and there forcibly and by violence, or by putting in fear, attempt to take money from the personal protection of Cynthia M. Karaus, the property of 7-11 Store, with the intent to steal . . . ."

Prior to the adoption of the criminal code revision, there was no general attempt statute in the Nebraska criminal code. Criminal attempt is defined in Neb. Rev. Stat. § 28-201 (Reissue 1979). The case of *State v. Sodders, ante* p. 504, 304 N.W.2d 62 (1981), is controlling. We there held: "[I]n the absence of a motion to quash, an information which alleges an attempt to commit an act or acts which if successful would constitute a statutory crime sufficiently charges an attempted crime so as to withstand a jurisdictional attack made for the first time on appeal." *Id.* at 510, 304 N.W.2d at 66.

Defendant's vagueness challenge centers around § 28-201(2), which, as we noted in *Sodders*, may be "inartfully drafted and unduly complex." *Id.* at 507, 304 N.W.2d at 65. However, the conduct of the defendant is clearly proscribed by subsection (1)(a) of § 28-201: "(1) A person shall be guilty of an attempt to commit a crime if he:

"(a) Intentionally engages in conduct which would constitute the crime if the attendant circumstances were as he believes them to be; or

"(b) Intentionally engages in conduct which, under the circumstances as he believes them to be, constitutes a substantial step in a course of conduct intended to culminate in his commission of the crime."

The defendant has no standing to challenge as vague a portion of the language of a statute which

does not apply to his conduct when an unambiguous section of the statute clearly applies to such conduct. *State v. Shiffbauer*, 197 Neb. 805, 251 N.W.2d 359 (1977).

The defendant's contentions are both without merit and the judgment and sentence of the trial court are hereby affirmed.

AFFIRMED.

CLINTON, J., concurs in result.