STATE OF NEBRASKA, APPELLEE, V.
WESLEY H. PEERY, APPELLANT.

305 N.W.2d 354

Filed April 24, 1981. No. 43643.

Stanley D. Cohen for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

The defendant filed a motion for post conviction relief seeking to vacate and set aside a sentence of death on the ground that the judgment was void or voidable under the Constitution of this state or of the United States. The District Court denied defendant's request for an evidentiary hearing, and found that the motion and the files and records of the case show

that the defendant is entitled to no relief, and overruled the motion.

The defendant was found guilty by a jury on two counts, murder in the first degree and robbery. A three-judge sentencing panel sentenced the defendant to death on the murder count and the trial judge sentenced the defendant to a term of not less than 16 nor more than 50 years' imprisonment on the robbery count, the sentences to run consecutively. The convictions and sentences were affirmed on direct appeal to this court in *State v. Peery*, 199 Neb. 656, 261 N.W.2d 95 (1977). Following an unsuccessful attempt to appeal to the Supreme Court of the United States the defendant filed the motion for post conviction relief in this case.

In this post conviction action the defendant essentially contends that the death sentence has been arbitrarily and unconstitutionally imposed in this case and requests that we alter or overrule our holdings in previous death sentence cases. The defendant also contends that *Godfrey v. Georgia*, 446 U.S. 420, 100 S. Ct. 1759, 64 L. Ed. 2d 398 (1980), raises new and additional constitutional issues which are applicable in this case.

We have recently held that the death penalty, when properly imposed, does not violate either the U.S. or Nebraska Constitution. *State v. Anderson and Hochstein*, 207 Neb. 51, 296 N.W.2d 440 (1980). The holding in *Godfrey* is not applicable in this case for the reasons set out in the very recent case of *State v. Harper*, *ante* p. 568, 304 N.W.2d 663 (1981).

The remaining issues and contentions of the defendant have been presented, considered, and determined in the direct appeal of the convictions involved here.

A motion to vacate a judgment and sentence under the Post Conviction Act cannot be used as a substitute for an appeal or to secure a further review of issues already litigated. *State v. Svoboda*, 199 Neb. 452,

259 N.W.2d 609 (1977); *State v. Holtan,* 205 Neb. 314, 287 N.W.2d 671 (1980).

The judgment of the District Court was correct and is affirmed.

AFFIRMED.