STATE OF NEBRASKA, APPELLEE, V.
CHARLES H. SHARSKI, APPELLANT.

306 N.W.2d 592

Filed June 5, 1981.  No. 43565.

Thomas M. Kenney, Douglas County Public Defender, and Bennett G. Hornstein for appellant.

Paul L. Douglas, Attorney General, and John Boehm for appellee.

Heard before KRIVOSHA, C.J. BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BRODKEY, J.

Charles H. Sharski, the defendant and appellant herein, appeals to this court from his conviction in the District Court of Douglas County, Nebraska, of the charge of attempted second degree arson, in violation of Neb. Rev. Stat. § 28-201 (Reissue 1979). The case was tried before a jury on April 16, 1980, which found the defendant guilty of the attempted second degree arson of the Quebec Lounge in Omaha, Nebraska. The court sentenced Sharski to a term of 2 to 4 years' imprisonment in the Nebraska Penal and Correctional Complex. We affirm as modified.

By way of factual background, it appears that on the evening of February 7, 1980, at approximately 7:30 p.m., the defendant accompanied his roommate, Terry Lytle, to the Quebec Lounge. While they were at the establishment, Sharski and Lytle consumed several pitchers of beer and several "shots" of schnapps. At approximately 12:45 a.m., an altercation broke out between Sharski, his roommate, and the owner of the lounge, Robert Dempsey, who testified that Sharski and Lytle had been harrassing employees of the lounge. The altercation terminated quickly, however, and Sharski and Lytle were ejected from the lounge.

Dempsey testified that he remained at the lounge after its normal closing hour in order to install a water heater in the basement of the building. He stated that at approximately 3 a.m., when looking for some tools which were kept behind the bar, he heard a noise emanating from outside the west side of the building. Dempsey investigated the noise, and he observed through a

nearby window an individual who was holding a pop bottle which had a rag inserted in the top. The individual was attempting to ignite the rag with a lighter held in the other hand. Dempsey knocked on the window pane, at which time the individual, later identified as the defendant, dropped the bottle and fled from the scene. Subsequently, it was discovered that the bottle contained gasoline, and the defendant was apprehended.

In his brief on appeal, Sharski makes the following assignments of error: (1) That the District Court erred in adjudging him guilty on an information which failed to charge the essential statutory elements of attempted second degree arson; (2) That the statute defining criminal attempt was unconstitutionally vague; and (3) That the sentence imposed by the court exceeded permissible statutory limits and should be reduced.

The information which charged the defendant alleged in part as follows: "Charles H. Sharski late of the County of Douglas aforesaid, in the County of Douglas and State of Nebraska aforesaid, then and there being, did then and there intentionally attempt to damage a building by starting a fire or causing an explosion, said building being located at 4830 Ames Avenue in the City of Omaha, Douglas County, Nebraska, being occupied by Quebec Lounge, said property being owned by Robert Dempsey . . . ."

This court has recently had the opportunity to review the general criminal attempt statute embodied in § 28-201, which states:

"(1) A person shall be guilty of an attempt to commit a crime if he: (a) Intentionally engages in conduct which would constitute the crime if the attendant circumstances were as he believes them to be; or (b) Intentionally engages in conduct which, under the circumstances as he believes them to be, constitutes a substantial step in a course of conduct intended to culminate in his commission of the crime.

"(2) When causing a particular result is an element of the crime, a person shall be guilty of an attempt to com-

mit the crime if, acting with the state of mind required to establish liability with respect to the attendant circumstances specified in the definition of the crime, he intentionally engages in conduct which is a substantial step in a course of conduct intended or known to cause such a result.

"(3) Conduct shall not be considered a substantial step under this section unless it is strongly corroborative of the defendant's criminal intent."

In *State v. Sodders*, 208 Neb. 504, 510, 304 N.W.2d 62, 66 (1981), we stated that "in the absence of a motion to quash, an information which alleges an attempt to commit an act or acts which if successful would constitute a statutory crime sufficiently charges an attempted crime so as to withstand a jurisdictional attack made for the first time on appeal." See, also, *State v. Meredith*, 208 Neb. 637, 304 N.W.2d 926 (1981). In the present case, no motion to quash was ever filed by the defendant, and we determine that the information is adequate to withstand the jurisdictional attack defendant raises for the first time on appeal.

We now address defendant's claim that the aforementioned criminal attempt statute is unconstitutionally vague. We note at the outset that this issue was not raised or presented below but, rather, is raised for the first time on appeal. The rule is well settled as follows: "For a question of constitutionality of a statute to be considered in this court it must be properly raised in the trial court. If it is not raised in the trial court, it will be considered as waived in this court." *State v. McConnell*, 201 Neb. 84, 89, 266 N.W.2d 219, 221 (1978); *State v. Mayes*, 183 Neb. 165, 159 N.W.2d 203 (1968). However, even if the issue were properly before us in this appeal, we think that it is without merit. As we noted in *Sodders, supra*, at 507, 304 N.W.2d at 65, § 28-201 may be "inartfully drafted and unduly complex. However, difficulty in determining the meaning of the language of a statute does not automatically render it unconstitutionally vague and ambiguous." We believe that the infor-

mation in the present case adequately informed Sharski of the crime with which he was charged.

Finally, we turn to defendant's contention that the sentence imposed by the trial court exceeds the permissible statutory limits set for indeterminate sentences. The defendant in this case was convicted of attempted second degree arson. We note that the crime of second degree arson is a Class III felony as defined under Neb. Rev. Stat. § 28-503 (Reissue 1979), and carries a statutory penalty of 1 to 20 years' imprisonment. However, under Neb. Rev. Stat. § 28-201 (4) (Reissue 1979), criminal attempt is a Class IV felony when the crime attempted is a Class III felony. The penalty for a Class IV felony under Neb. Rev. Stat. § 28-105 (Reissue 1979) is a maximum of 5 years' imprisonment, a $10,000 fine, or both, with no prescribed minimum.

The trial court sentenced the defendant to an indeterminate term of from 2 to 4 years' imprisonment. The indeterminate sentencing statute, Neb. Rev. Stat. § 83-1,105 (Reissue 1976), provides that: "[T]he minimum limit fixed by the court shall not be less than the minimum provided by law *nor more than one-third of the maximum term . . . .*" (Emphasis supplied.) See, also, *State v. Suggett,* 189 Neb. 714, 204 N.W.2d 793 (1973); *State v. Miles,* 194 Neb. 128, 230 N.W.2d 227 (1975).

In the present case the minimum portion of the indeterminate sentence fixed by the court, 2 years, exceeds by 4 months the proscription of one-third of the maximum sentence of 5 years. Under § 83-1,105, as conceded by the State in its brief on appeal, defendant's minimum sentence should have been 20 months, rather than the 2 years which the trial court imposed.

Under Neb. Rev. Stat. § 29-2308 (Reissue 1979), this court is authorized to reduce the sentence imposed by the District Court when, in our opinion, the sentence is excessive. In this case, as demonstrated above, the sentence imposed on the defendant exceeded the maximum allowed minimum penalty for a Class IV

felony. The sentence imposed by the trial court must, therefore, be modified; and we determine that the minimum limit of the defendant's sentence should be 20 months' imprisonment in the Nebraska Penal and Correctional Complex, with the maximum term of the sentence to remain at 4 years.

For the reasons stated above, the judgment of the trial court must be and is hereby affirmed, and the sentence imposed is ordered modified to meet the required statutory limitations.

AFFIRMED AS MODIFIED.

KRIVOSHA, C.J., concurs in result.