STATE OF NEBRASKA, APPELLEE, V.
RALPH E. THOMAS, APPELLANT.

307 N.W.2d 128

Filed June 26, 1981. No. 43982.

Bradley E. Barrows for appellant.

Paul L. Douglas, Attorney General, and John Boehm for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, BRODKEY, WHITE, and HASTINGS, JJ., and COLWELL, Retired District Judge.

BRODKEY, J.

Ralph E. Thomas, the defendant and appellant herein, appeals to this court from his sentence imposed by the District Court of York County, Nebraska, for the offense of carrying a concealed weapon, in violation of Neb. Rev. Stat. § 28-1202 (Reissue 1979). The defendant was originally charged in a complaint filed on August 22, 1980, with one count of carrying a concealed weapon and one count of possession of a firearm by a felon, in violation of Neb. Rev. Stat. § 28-1206 (Reissue 1979). On October 24, 1980, the defendant entered into a plea bargain whereby he pled guilty to the concealed weapons charge, and the possession of a firearm count of the complaint was dismissed. On December 5, 1980, Thomas was sentenced to an indeterminate term of not less than 3 nor more than 5 years' imprisonment in the Nebraska Penal and Correctional Complex. We affirm as modified.

In his brief on appeal, the defendant alleges the following assignments of error: (1) The District Court erred by imposing a minimum limit to the indeterminate sentence which exceeds one-third the maximum term; and (2) The sentence imposed by the District Court is excessive.

Thomas was convicted of carrying a concealed weapon, which crime is a Class IV felony as defined in § 28-1202. The penalty for a Class IV felony under Neb. Rev. Stat. § 28-105 (Reissue 1979) is a maximum of 5 years' imprisonment, a $10,000 fine, or both, with no prescribed minimum. The trial court sentenced the defendant to an indeterminate term of 3 to 5 years' imprisonment. The indeterminate sentencing statute, Neb. Rev. Stat. § 83-1,105 (Reissue 1976), provides that: "[T]he minimum limit fixed by the court shall not be less than the minimum provided by law *nor more than one-third of the maximum term . . . .*" (Emphasis supplied.) See, also, *State v. Sharski, ante* p. 122, 306 N.W.2d 592 (1981); *State v. Miles,* 194 Neb. 128, 230 N.W.2d 227 (1975); *State v. Suggett,* 189 Neb. 714, 204 N.W.2d 793 (1973).

In the present case the minimum portion of the indeterminate sentence fixed by the trial court, 3 years, exceeds by 16 months the proscription of one-third of the maximum sentence of 5 years. Under § 83-1,105, as conceded by the State in its brief on appeal, defendant's minimum sentence should have been 20 months, rather than the 3 years which the trial court imposed.

Under Neb. Rev. Stat. § 29-2308 (Reissue 1979), this court is authorized to reduce the sentence imposed by the District Court when, in our opinion, the sentence is excessive. In this case, as demonstrated above, the sentence imposed by the trial court exceeded the maximum allowed minimum penalty for a Class IV felony. The sentence imposed by the trial court must, therefore, be modified; and we determine that the minimum limit of the defendant's sentence should be 20 months' imprisonment in the Nebraska Penal and

Correctional Complex.

In reference to the defendant's second assignment of error, we have reviewed the record forwarded to this court and have determined that the maximum term of imprisonment imposed by the trial court is not excessive. Even discounting the favorable terms of the plea bargain, in which another pending charge against the defendant was dismissed, we are of the opinion that Thomas' record indicates that he is not entitled to any reduction of his sentence. His criminal record is lengthy and includes incarceration in the Oklahoma State Prison for assault with a deadly weapon and also for second degree burglary. We believe that the trial court was fully justified in sentencing the defendant to imprisonment, and that the sentence imposed by the court is not excessive nor an abuse of the court's discretion.

For the reasons stated above, the judgment of the trial court is affirmed, and the sentence imposed is ordered modified to meet the required statutory limitations.

AFFIRMED AS MODIFIED.