STATE OF NEBRASKA, APPELLEE, v. JOHN MEREDITH, APPELLANT.

321 N.W.2d 456

Filed July 2, 1982. No. 81-788.

Anthony S. Troia of the Troia Law Offices, for appellant.

Paul L. Douglas, Attorney General, and Lynne Fritz, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

WHITE, J.

The appellant, John Meredith, appeals from an order entered by the District Court for Douglas County, Nebraska, denying Meredith's request for post conviction relief filed pursuant to the provisions of Neb. Rev. Stat. §§ 29-3001 to 29-3004 (Reissue 1979). We affirm the judgment of the District Court denying the appellant an evidentiary hearing.

A court may properly deny an evidentiary hearing

upon a motion to vacate a conviction filed under § 29-3001 upon a determination after an examination of the files and records of the case that the petitioner is entitled to no relief. *State v. Miles,* 202 Neb. 126, 274 N.W.2d 153 (1979); *State v. Fincher,* 189 Neb. 746, 204 N.W.2d 927 (1973).

The appellant was found guilty of attempted robbery by a jury. He was also found to be an habitual criminal and was sentenced to a term of from 15 to 25 years in the Nebraska Penal and Correctional Complex. He prosecuted an appeal to this court in *State v. Meredith,* 208 Neb. 637, 304 N.W.2d 926 (1981). We affirmed his conviction and sentence.

In paragraph 5 of the appellant's motion to vacate and set aside the conviction, he alleges that he was inadequately represented by trial counsel. In *State v. Shepard,* 208 Neb. 188, 192, 302 N.W.2d 703, 706 (1981), we stated: "[T]he standard for determining whether defense counsel has rendered constitutionally required effective assistance is whether counsel has performed at least as well as a lawyer with ordinary training and skill in the criminal law in that area and has conscientiously protected the interests of his client. . . . In order for one to maintain ineffective counsel the record must affirmatively support the claim."

The appellant alleges that he was inadequately represented by counsel's failure to file a motion to suppress a video filmstrip which was shown to the jury. A review of the record reveals that the appellant was represented by competent and effective counsel throughout all proceedings. This issue was not raised in appellant's motion for new trial or assignments of error on appeal. The filing of the motion to suppress would have been a useless waste of time. The record in this case does not support the claim.

In paragraph 6 of his motion the appellant alleges

that the information against him was fatally defective. This was the same issue the appellant raised in his direct appeal to this court. In *State v. Peery,* 208 Neb. 639, 640, 305 N.W.2d 354, 355 (1981), we said: "A motion to vacate a judgment and sentence under the Post Conviction Act cannot be used as a substitute for an appeal or to secure a further review of issues already litigated." See, also, *State v. Weiland,* 190 Neb. 111, 206 N.W.2d 336 (1973). Appellant's allegation that the information was defective is not a proper issue under the Post Conviction Act and is therefore without merit.

Finally, in paragraph 7 of his motion the appellant complains that he was denied a fair and impartial trial when the trial court failed to grant him a new trial based on newly discovered evidence. The appellant failed to raise this issue on appeal; therefore, the holding in *Peery, supra,* is also applicable here. If the appellant was dissatisfied with the ruling on his motion for new trial, he should have addressed that issue in his direct appeal. We will not allow a motion to vacate a judgment or sentence under the Post Conviction Act to be used as a substitute for an appeal.

We have reviewed the whole record and find that it affirmatively shows that there was no denial or infringement of the appellant's rights rendering the judgment void or voidable under either the Constitution of the State of Nebraska or the Constitution of the United States. The judgment of the District Court was correct, and it is hereby affirmed.

AFFIRMED.