STATE OF NEBRASKA, APPELLEE, V. JAMES RAY MOORE, APPELLANT.

333 N.W.2d 397

Filed April 29, 1983. Nos. 82-329, 82-330.

James Moore, pro se.

Paul L. Douglas, Attorney General, and Ruth Anne E. Galter, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and COLWELL, D.J., Retired.

McCOWN, J.

This is a post conviction proceeding. The District Court, after review of the files and records of the case, found that the defendant was entitled to no relief and that an evidentiary hearing was not required. The court therefore denied defendant's motion for post conviction relief and this appeal followed.

The facts in these cases are set out at length in the defendant's direct appeals. *State v. Moore*, 208 Neb. 240, 302 N.W.2d 728 (1981). In that case this court held that where delayed consecutive sentences for sexual offenses are pronounced, credit for time served under a prior sexual sociopath commitment based on the same sexual offenses is to be applied to the first sexual sentence to be served. Only excess credit, if any, is to be applied to any consecutive sexual sentence to be served later. Credit shall not be applied on any sentence until the defendant commences to serve the sentence.

In this post conviction proceeding the defendant again raises the same issues as were raised in his direct appeal. He contends he is entitled to full credit on each consecutive sexual offense sentence for the full time he was confined as an untreatable sexual sociopath. That contention was answered and decided in the direct appeal.

The District Court in this post conviction proceeding specifically found that the issue upon which defendant's motion for post conviction relief was based had been previously raised and litigated in defendant's direct appeal. That issue, having been decided by this court upon direct appeal, cannot be relitigated in a motion for post conviction relief.

A motion to vacate a judgment and sentence under the Post Conviction Act cannot be used as a substi-

tute for a direct appeal nor to secure a further review of issues already litigated. See, *State v. Peery*, 208 Neb. 639, 305 N.W.2d 354 (1981); *State v. Freeman*, 212 Neb. 278, 322 N.W.2d 437 (1982).

AFFIRMED.