THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HENRY SPEARS, JR., Defendant-Appellant.

Third District   No. 3—84—0174

Opinion filed February 5, 1985.—Rehearing denied March 21, 1985.

Robert Agostinelli and Thomas A. Lilien, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

The defendant, Henry Spears, Jr., was convicted of attempted murder, two counts of armed violence and two counts of reckless conduct. On appeal, he challenges his convictions and his sentence. We reverse.

At trial the State presented the following evidence. On July 9, 1983, the defendant was visiting the home of his wife, Barbara Spears, from whom he was separated. During the course of the day the defendant and his wife had two arguments. At approximately 8 p.m. Barbara was playing cards on the porch of the home with Annette Keys and two other women. The defendant had called Chester Adkins, with whom the defendant was living while separated, for a ride to a party. Adkins arrived and went to the porch. Adkins' nephew then rang the doorbell. Barbara answered the door and then returned to the porch, passing by the defendant, who was leaning in the doorway.

Barbara testified that as she passed the defendant he punched her and then drew a gun from a shoulder holster and shot her twice. One of the shots also injured Annette Keys. Barbara fell to the floor. Adkins attempted to pin the defendant's arms, but could not restrain the defendant. The defendant aimed the gun at Barbara's head. Another guest, Sunny Coleman, then entered the porch and pushed the defendant's arm. A bullet struck the floor near Barbara's head. Barbara sustained bullet wounds to her chest and her arm. Keys' arm was grazed by a bullet.

The defendant left the house immediately. The police later found the gun and holster on the roof of a nearby school.

The defendant testified at trial that Barbara pushed him as she passed by him after answering the door. The other women then jumped up and knocked the card table over. Someone grabbed the defendant from behind. During the struggle with this unknown assailant, the defendant pulled his gun from the holster. The gun went off unintentionally. He then left the house. He threw his gun onto the

school roof because he was scared.

Chester Adkins also testified for the defendant. Adkins testified that he struggled with the defendant. Adkins was impeached with a statement he gave to the police after the shooting. In his statement, Adkins reported that he saw the defendant remove the gun and point it at Barbara. Adkins also stated that defendant carried the gun 90% of the time.

Based upon his own testimony, the defendant tendered a jury instruction on reckless conduct. The trial court instructed the jury on reckless conduct, armed violence, and attempted murder. During deliberations, the jury sent a note to the court asking whether verdict forms had to be completed on all five charges. The trial court instructed the jury to complete a form on each charge. The jury found the defendant guilty on all five charges.

At the sentencing hearing, the trial court entered judgment on attempted murder and armed violence. The court considered as a factor in aggravation that the defendant's conduct caused or threatened serious harm. The defendant was sentenced to a 20-year term of imprisonment.

■ The defendant's first argument on appeal is that the court erred in entering judgment on attempted murder and armed violence. Specifically, the defendant argues that because the mental states required for attempted murder and armed violence differ from the mental state for reckless conduct, the finding of reckless conduct negates the presence of the mental state for murder. Based upon this legal inconsistency, the defendant asserts that the trial court should have entered judgment only as to the reckless conduct charges.

The defendant relies on this court's recent decision in *People v. Milner* (1984), 123 Ill. App. 3d 656, 463 N.E.2d 148. The defendant in *Milner* was convicted of both murder and involuntary manslaughter. The defendant had killed his child while disciplining him. The defendant was originally charged with murder. Based upon the evidence introduced at trial, an instruction on involuntary manslaughter was given to the jury. This court held that the conviction for murder had to be vacated because the mental state required for involuntary manslaughter negated the presence of the requisite mental state for murder.

The principle set forth in *Milner* is controlling in the instant case. Reckless conduct requires as a mental state that the accused acted recklessly. (Ill. Rev. Stat. 1983, ch. 38, par. 12—5.) Recklessness is defined in relevant part as a conscious disregard of a substantial and unjustifiable risk. (Ill. Rev. Stat. 1983, ch. 38, par. 4—6.) Murder includes as an element that the defendant either intended to kill, knew

that his act would cause death, or knew that his act would create a strong probability of death or great bodily harm. (Ill. Rev. Stat. 1983, ch. 38, par. 9—1.) The armed violence charge was based on the underlying felony of aggravated battery. Under this charge, an element of aggravated battery was that the defendant intentionally or knowingly caused great bodily harm. Ill. Rev. Stat. 1983, ch. 38, par. 12—4.

The finding by the jury that the defendant acted only recklessly negates any finding that the defendant possessed the necessary intent for murder or armed violence based on aggravated battery. Thus we find, as we did in *Milner*, that the trial court erred in entering judgment on the more serious charges of murder and armed violence.

■ Unlike *Milner*, however, it is clear that in the instant case, the inconsistent verdicts resulted in substantial part from the jury's confusion regarding the multiple-verdict forms. We further conclude that the trial of the defendant indicated that there was sufficient evidence to support a retrial. We, therefore, decline to enter judgment on the reckless conduct charges, because those convictions are the result of the jury's confusion. Instead, we reverse the defendant's convictions and remand the cause for a new trial consistent with this decision.

Because we remand for a new trial, we do not address the other issues raised by the defendant on appeal.

The judgment of the circuit court of Peoria County is reversed and the cause remanded.

Reversed and remanded.

BARRY, J., concurs.

JUSTICE HEIPLE, dissenting:

The majority has given the defendant a new trial based on *People v. Milner* (1984), 123 Ill. App. 3d 656. I dissented in *Milner* and do so again.

In *Milner*, the jury returned guilty verdicts for involuntary manslaughter and murder. The corresponding mental states for these offenses are recklessness and knowledge or intent. Judgment was entered on the murder verdict. The majority of this court reversed the murder conviction, holding that a finding of recklessness negated the mental state for murder. The situation in the present case is similar. The jury returned guilty verdicts for attempted murder, armed violence (based on the underlying felony of aggravated battery) and reckless conduct. The mental states for these offenses are intent or knowledge (attempt and armed violence) and recklessness.

A finding of reckless conduct does not preclude a conviction for attempted murder or armed violence. Recklessness and knowledge or intent are not mutually exclusive mental states. The jury could have reviewed the facts of this case and consistently and reasonably found that the defendant's acts were sufficient to satisfy the instructions on attempted murder, armed violence and reckless conduct.

The defendant here was trying to kill his wife and almost succeeded. Hence, the attempt charge. While trying to shoot his wife, the defendant fired wildly and wounded a bystander. Such an act is certainly reckless. This evidence can, without inconsistency, support verdicts for crimes involving the mental states of intent, knowledge and recklessness. The defendant intended to kill his wife and knew that his actions created a strong probability of great bodily harm. The defendant also acted recklessly because he consciously disregarded a substantial and unjustifiable risk that an innocent bystander on the crowded porch might be hurt during the fusillade.

The evidence supports all of the guilty verdicts, and the defendant was protected from any legal prejudice because judgment was entered only on the attempt and armed violence verdicts. The defendant is not entitled to a new trial. Therefore, I dissent.