STATE OF HAWAII, Plaintiff-Appellee, *v.* PHIL F. TAGARO, Defendant-Appellant

NO. 11613

(CRIMINAL NO. 86-0042)

OCTOBER 29, 1987

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY HEEN, J.

Defendant-Appellant Phil F. Tagaro (Defendant) appeals from his conviction of Attempted Murder. Hawaii Revised Statutes

(HRS) §§ 705-500[1] and 707-701 (1985).[2] We vacate the conviction and remand for new trial.

The dispositive issue on appeal is whether it was plain error for the trial court to fail to instruct the jury, *sua sponte,* that if it did not find Defendant guilty of the attempted murder charge, it could find him guilty of the included offense of attempted manslaughter. We answer yes.

## I.

At trial on the charge of attempted murder, Defendant relied on a claim of self-defense. The jury was instructed that if it did not find Defendant guilty of the attempted murder charge it could consider the included offenses of Assault in the First and Second Degree, and Reckless Endangering in the First and Second Degree. Defendant did not request that the court instruct the jury that it could find him guilty of attempted manslaughter as an included offense of attempted murder. The jury found Defendant guilty of attempted murder. Defendant's motion for new trial on the ground that the trial court's "failure to instruct the jury that it could find Defendant guilty of manslaughter denied Defendant a fair

---

[1] Hawaii Revised Statutes (HRS) § 705-500 (1985) provides:

Criminal attempt. (1) A person is guilty of an attempt to commit a crime if he:

    (a) Intentionally engages in conduct which would constitute the crime if the attendant circumstances were as he believes them to be; or

    (b) Intentionally engages in conduct which, under the circumstances as he believes them to be, constitutes a substantial step in a course of conduct intended to culminate in his commission of the crime.

(2) When causing a particular result is an element of the crime, a person is guilty of an attempt to commit the crime if, acting with the state of mind required to establish liability with respect to the attendant circumstances specified in the definition of the crime, he intentionally engages in conduct which is a substantial step in a course of conduct intended or known to cause such a result.

(3) Conduct shall not be considered a substantial step under this section unless it is strongly corroborative of the defendant's criminal intent.

[2] HRS § 707-701(1) (1985) provides:

Murder. (1) Except as provided in section 707-702, a person commits the offense of murder if he intentionally or knowingly causes the death of another person.

trial" was denied. Defendant argued below that *State v. Warner*, 58 Haw. 492, 573 P.2d 959 (1977), mandated the trial court "to give the instruction whether or not requested by counsel."

In *Warner, supra,* the defendant appealed his murder conviction after a jury trial in which he had claimed self-defense, arguing that the trial court erred in refusing the defendant's request to instruct the jury that it could convict the defendant of the included offense of manslaughter if it did not find him guilty of murder. The supreme court held that the trial court erred. The supreme court stated, "in all murder prosecutions hereafter tried in this state, where the evidence necessitates an instruction on self-defense, the trial court shall also give instructions to the jury on the charge of manslaughter. The manslaughter instructions need not be requested by the defendant." *Id.* 58 Haw. at 501, 573 P.2d at 964.

Defendant argues that the rule of *Warner* is equally applicable in the instant case and the trial court was required to instruct the jury that it was authorized to find him guilty of attempted manslaughter if it did not find him guilty of attempted murder. The State argues that *Warner's* rationale cannot be applied in a prosecution for attempted murder, such as here, since attempted murder is a crime requiring specific intent, while manslaughter is a crime predicated upon a mental state of recklessness. The briefs are not helpful in resolving the issue, being too narrow in their scope and failing to recognize the effect of other provisions of the Penal Code on the manslaughter statute.

## II.

The pertinent provision of the manslaughter statute, HRS § 707-702(1)(a) (1985), reads as follows:[3]

---

[3] Defendant argues that HRS § 707-702(2) (1985), which reads,

Manslaughter.

\* \* \*

(2) In a prosecution for murder it is a defense, which reduces the offense to manslaughter, that the defendant was, at the time he caused the death of the other person, under the influence of extreme mental or emotional disturbance for which there is a reasonable explanation. The reasonableness of the explana-

§ 707-702 Manslaughter. (1) A person commits the offense of manslaughter if:

(a) He recklessly causes the death of another person[.]

HRS § 702-206(3) (1985) defines "recklessly" as follows:

Definitions of states of mind.

\* \* \*

(3) "Recklessly."

(a) A person acts recklessly with respect to his conduct when he consciously disregards a substantial and unjustifiable risk by engaging in such conduct.

(b) A person acts recklessly with respect to attendant circumstances when he consciously disregards a substantial and unjustifiable risk that such circumstances exist.

(c) A person acts recklessly with respect to a result of his conduct when he consciously disregards a substantial and unjustifiable risk that his conduct will cause such a result.

(d) A risk is substantial and unjustifiable within the meaning of this section if, considering the nature and purpose of the person's conduct and the circumstances known to him, the disregard of the risk involves a gross deviation from the standard of conduct that a lawabiding person would observe in the same situation.

Because recklessness is a lower degree of culpability than the intentional state of mind required for an attempt, some courts have held that attempted manslaughter is not an included offense of attempted murder. *See e.g., State v. Howard,* 405 A.2d 206 (Me. 1979) (attempted manslaughter is a "logical impossibility"); *People v. McDavis,* 97 A.D.2d 302, 469 N.Y.S.2d 508 (1983) (one cannot

---

tion shall be determined from the viewpoint of a person in the defendant's situation under the circumstances as he believed them to be[,] is the pertinent statute in this case and allows the *Warner* rule to be applied. However, the facts established at trial simply will not support his contention. Nothing in the evidence could support a finding that he acted under the influence of extreme mental or emotional disturbance. His was merely the "garden variety" of provocation. *See State v. Russo,* 69 Haw. _ _, _ _, 734 P.2d 156, 160 (1987); *State v. Dumlao,* 6 Haw. App. ___, 715 P.2d 822 (1986). We do not reach the question whether a defendant who relies on § 707-702(2) as a defense in an attempted murder case would be entitled to an attempted manslaughter instruction.

attempt a crime predicated upon a reckless act); *People v. Jackson,* 49 A.D.2d 680, 370 N.Y.S.2d 739 (1975) (one cannot intentionally attempt to cause death by a reckless act).

Other courts, however, have held the opposite with regard to situations where, as in voluntary manslaughter, the state of mind is the same as in murder.

> [S]ince both murder and voluntary manslaughter can be proved by evidence of the knowing or intentional killing of another human being, . . . the requirement of culpability is satisfied and the crime of attempted manslaughter does exist under our present statutes.

*Anthony v. State,* 274 Ind. 206, 409 N.E.2d 632 (1980).

Under our statutes the substantive offense of manslaughter is not always the result of recklessness, but may in fact be the result of a specific intent to kill. The very essence of a claim of self-defense, often raised against a charge of murder or attempted murder, is that the killing or the attempt to kill was intentional, but was justified. In such case the jury weighs the circumstances and, if it finds the claim of justification to be unreasonable[4] or unfounded, it may convict the defendant of murder or attempted murder. The jury may also find that, although mitigating circumstances may have prompted the defendant's use of deadly force in his defense, the justification was not sufficient to exonerate the defendant of all possible offenses, and may find the defendant guilty of an included

---

[4] HRS § 703-300(1) (1985), which defines "believes," states that " '[b]elieves' means reasonably believes[,]" and applies the " 'reasonable man standard with respect to justification for the use of force in self protection, in the protection of property, and in the protection of others.' " Commentary on § 703-300 (quoting Conf. Comm. Rep. No. 2 (1972) ).

HRS § 703-300(1) is inconsistent with HRS § 703-310(1), which states that where a person is charged with an offense whose culpability is based on recklessness or negligence, the defense of justification is not available to him if he was reckless or negligent in forming his belief in the justification. Commentary to HRS § 703-310. The reason for the inconsistency is that the proposed draft of the Penal Code submitted to the legislature provided for a subjective standard for justification, but the legislature changed the standard to the reasonable man standard of § 703-300(1). *Id.*

offense. *See* HRS § 701-109(4)(c) (1985).[5] If, of course, the jury finds the defendant was completely justified it may acquit the defendant altogether. HRS § 703-301(1) (1985).[6] The jury's determination is based on its view of whether or not the defendant's belief in his justification was reasonable. HRS § 703-300(1), *supra.* Nevertheless, in reality the killing or the attempt was intentional.

In our view, although HRS § 707-702(1)(a) defines manslaughter as causing the death of another through recklessness, the statute was intended by the legislature to include both offenses of involuntary manslaughter, where the killing was unintentional, and voluntary manslaughter, where the killing was intentional. Stated otherwise, the word "recklessly" in the statute does not preclude prosecution or conviction for an intentional homicide which was committed under circumstances which provided mitigation but did not completely excuse the act. The commentary to HRS § 707-702 (1985) points out that

> [i]n the case of an intentional or knowing killing, where mitigating circumstances are present, the prosecutor may, but need *not*, bring a prosecution for murder. He may, if he chooses, bring a prosecution for manslaughter. Since recklessness will be satisfied by proof that the defendant acted intentionally or knowingly, a charge of manslaughter could be employed where a prosecutor, in his discretion, did not wish to push for a murder conviction. [Footnote omitted.]

---

[5] HRS § 701-109(4)(c) (1985) provides:

Method of prosecution when conduct establishes an element of more than one offense.

\* \* \*

(4) A defendant may be convicted of an offense included in an offense charged in the indictment or the information. An offense is so included when:

\* \* \*

(c) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a different state of mind indicating lesser degree of culpability suffices to establish its commission.

[6] HRS § 703-301(1) (1985) provides:

Justification a defense; civil remedies unaffected. (1) In any prosecution for an offense, justification, as defined in sections 703-302 through 703-309, is a defense.

Additionally, HRS § 702-208 (1985) states in part that, "[w]hen the law provides that recklessness is sufficient to establish an element of an offense, that element also is established if, with respect thereto, a person acts intentionally or knowingly."

Clearly, then, a person can be found guilty of "recklessly" causing the death of another, even when he or she acted intentionally or knowingly. It follows that a person charged with attempted murder, an intentional crime, may be found guilty of attempted manslaughter if the person acted intentionally or knowingly under mitigating circumstances that do not constitute complete justification.

Here, Defendant claimed to have shot at the alleged victim in self-defense. He was entitled to have the jury consider whether his belief in the necessity for the use of deadly force was reasonable and would completely absolve him of any crime or was, at least, sufficient to reduce the crime from attempted murder to attempted manslaughter. The charge to the jury limited the jury's choices and prejudiced the Defendant. Under the instructions as given, the jury, even though it may have been persuaded that there was some justification for Defendant's actions, may have been unwilling, because of the deadly force used by Defendant, to reduce the attempted murder charge to the included assault offenses outlined in the instructions.

On the basis of the foregoing discussion, we hold that the crime of attempted manslaughter under the circumstances of this case is an included offense of attempted murder, and the trial court in the instant case was required to, *sua sponte*, instruct the jury that it could find Defendant guilty of that included offense if it did not find him guilty of attempted murder. The trial court's failure to instruct the jury on the included offense was plain error affecting Defendant's substantial rights and we may consider the issue, even though no instruction was requested by Defendant. *See State v. Casipe*, 5 Haw. App. 210, 686 P.2d 28 (1984).

Vacated and remanded for new trial.

*Angie King (Gary N. Oakes* and *Susan Barr* on the briefs), Deputy Public Defenders, for defendant-appellant.

*Lila B. LeDuc (George H. Yamamoto* on the brief), Deputy Prosecuting Attorneys, City and County of Honolulu, for plaintiff-appellee.