THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RAYMOND M. BURG, Defendant-Appellant.

Fourth District   No. 4—90—0154

Opinion filed December 31, 1990.

Richard D. Frazier and D. Peter Wise, both of Metnick, Barewin & Wise, of Springfield, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield (Kenneth R. Boyle, Robert J. Biderman, and Dale M. Wood, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

Defendant, Raymond Burg, was convicted of armed robbery (Ill. Rev. Stat. 1989, ch. 38, par. 18—2) and sentenced to seven years' imprisonment. On appeal, defendant argues that he was denied effective assistance of counsel because his trial attorney failed to object to a jury instruction he claims de-emphasized the lesser included offense of robbery. Because the instruction in question was proper, we affirm.

On April 27, 1990, defendant entered a grocery store, removed a package of candy from the shelf, and proceeded to a check-out aisle. Defendant handed the checker a bag and demanded that he "put the money in the bag." Defendant was holding a gun, but it was covered with a newspaper such that only one to two inches of the barrel could be seen. The checker handed defendant the money from the cash register and defendant fled. Both the checker and a customer later identified defendant as the holdup man from a collection of photographs. At trial, defendant denied committing the robbery.

Illinois Pattern Jury Instructions, Criminal, No. 26.01Q (2d ed. Supp. 1989) (hereinafter IPI Criminal 2d Supp.) was given to the jury and stated as follows:

"When you retire to the jury room you first will elect one of your members as your foreperson. He or she will preside during your deliberations on your verdict.

Your agreement on a verdict must be unanimous. Your verdict must be in writing and signed by all of you, including your foreperson.

The defendant is charged with the offense of Armed Rob-

bery. Under the law, a person charged with Armed Robbery may be found not guilty, or may be found guilty of Armed Robbery or guilty of Robbery.

You are to decide based upon the evidence and the law in this case whether to return a verdict of not guilty, a verdict of guilty of Armed Robbery, or a verdict of guilty of Robbery.

Accordingly, you will be provided with three verdict forms: 'not guilty', 'guilty of Armed Robbery', and 'guilty of Robbery'.

From those three verdict forms, you should select the one verdict form that reflects your verdict and sign it as I have stated. Do not write on the other two verdict forms. Sign only one of these verdict forms.

*If you find the State has proved the defendant guilty of both Armed Robbery and Robbery, you should select the verdict form finding the defendant guilty of Armed Robbery and sign it as I have stated. Under these circumstances, do not sign the verdict form finding the defendant guilty of Robbery."* (Emphasis added.) See IPI Criminal 2d Supp. No. 26.01Q, at 367-68.

Following deliberations, the jury returned a guilty verdict for the offense of armed robbery.

Defendant argues that the last paragraph of this instruction "deemphasized the importance of the lesser charge" of robbery. He claims that the instruction tells the jury that if it cannot agree as to whether defendant committed the greater or lesser offense, defendant should be convicted of the greater offense. We are unpersuaded.

The Illinois Supreme Court Committee on Pattern Jury Instructions in Criminal Cases explains in its introductory note to chapter 26.00 of IPI Criminal 2d Supp. the purpose of the italicized paragraph in instruction No. 26.01Q. That explanation reads as follows:

"The Committee is aware of instances where a confused jury has returned logically or legally inconsistent verdicts. (For examples of problems the Committee is seeking to avoid, see *People v. Hoffer*, 106 Ill. 2d 186, 478 N.E.2d 335, 88 Ill. Dec. 20 (1985) (guilty of murder, voluntary manslaughter, and involuntary manslaughter); *People v. Spears*, 130 Ill. App. 3d 1006, 475 N.E.2d 8, 86 Ill. Dec. 202 (3d Dist. 1985) (guilty of attempt murder, armed violence, and reckless conduct); *People v. Coleman*, 131 Ill. App. 3d 76, 475 N.E.2d 565, 86 Ill. Dec. 351 (1st Dist. 1985) (guilty of attempt murder and reckless conduct).) To avoid such confusion in future cases, the Committee has expanded these concluding instructions to be given to the jury and has made them more specific depending upon the particu-

lar charges to be considered by the jury and the relationship of those charges to each other." IPI Criminal 2d Supp. No. 26.00, Introductory Note, at 317.

A defendant is entitled to have the jury instructed on a lesser offense that is included in the greater offense with which he is charged. (*People v. Bryant* (1986), 113 Ill. 2d 497, 502, 499 N.E.2d 413, 415; see also *Beck v. Alabama* (1980), 447 U.S. 625, 636-37, 65 L. Ed. 2d 392, 401-02, 100 S. Ct. 2382, 2388-89.) Defendant in this case was entitled to have his jury instructed on the three options available to it under the law: not guilty, guilty of the less serious offense (robbery), or guilty of the more serious offense (armed robbery). (See *Bryant*, 113 Ill. 2d at 502, 499 N.E.2d at 415.) In the present case, defendant's jury was properly instructed as to *all* these available options.

Defendant claims that the instructions made it unnecessary for the jury to decide whether the defendant possessed a gun. We disagree. The jury was given IPI Criminal 2d Nos. 14.01 (definition of armed robbery), No. 14.02 (issues in armed robbery), No. 14.03 (definition of robbery), and No. 14.04 (issues in robbery) (1981). Therefore, the gun possession issue was before the jury and they were fully instructed as to the options available.

Defendant argues further that IPI Criminal 2d Supp. No. 26.01Q would allow the jury to convict him for the greater offense "even if some members of the jury believe that he was only guilty of the lesser offense." In support of this argument he cites *People v. Summers* (1990), 202 Ill. App. 3d 1, 14, 559 N.E.2d 1133, 1141. However, we find defendant's reliance on *Summers* inapplicable to the present case because *Summers* was concerned with greater and lesser offenses (first degree murder and involuntary manslaughter) that have *mutually inconsistent* mental states (intentional or knowing acts for first degree murder, as opposed to reckless acts for involuntary manslaughter). In the present case, conflicting mental states do not exist between armed robbery and robbery. Further, this jury was clearly told by instruction No. 26.01Q that its verdict must be unanimous, and no construction to the contrary of that instruction makes sense.

Defendant cites the decision of this court in *People v. Whitelow* (1987), 162 Ill. App. 3d 626, 515 N.E.2d 1327, as support for his position, but we find *Whitelow* to be inapposite. In *Whitelow*, this court specifically approved of jury instructions designed to avoid legally inconsistent verdicts, such as instruction No. 26.01Q in the present case, but cautioned that such instructions should not take away the ju-

ry's necessary choice by de-emphasizing the importance of offenses with lesser penalties. (*Whitelow*, 162 Ill. App. 3d at 631, 515 N.E.2d at 1330-31.) However, our concern was primarily based upon the use in the instructions in *Whitelow* of the terms "greater" and "lesser." We note with approval that instruction No. 26.01Q and all of the instructions in the 26.01 series of IPI Criminal 2d Supp. avoid the use of those terms.

■ Although the evidence may support a conviction on both charges, when there is but one act, there can be but one conviction. (*People v. Jones* (1985), 105 Ill. 2d 342, 359, 475 N.E.2d 832, 840; *People v. Paden* (1984), 123 Ill. App. 3d 514, 521, 462 N.E.2d 989, 994.) If multiple convictions are returned, the defendant should be sentenced only for the most serious offense. (*People v. Pitsonbarger* (1990), 142 Ill. 2d 353; *People v. Mack* (1984), 105 Ill. 2d 103, 137, 473 N.E.2d 880, 898.) Had the jury in this case been permitted to return verdicts finding defendant guilty of both armed robbery and robbery, based upon this authority, defendant would be appropriately sentenced for his armed robbery conviction. Under these circumstances, we fail to see what possible prejudice defendant suffered by having a jury that has found him guilty of armed robbery return only that verdict instead of both a guilty of armed robbery verdict and a guilty of robbery verdict.

■ Because the instructions given were not erroneous, counsel's failure to object to them does not amount to ineffective assistance of counsel.

Affirmed.

GREEN and KNECHT, JJ., concur.