STATE OF NEBRASKA, APPELLEE, V. TERRY L. HEMMER, APPELLANT.
531 N.W.2d 559

Filed May 23, 1995.    No. A-94-867.

James G. Egley, of Moyer, Moyer, Egley, Fullner & Warnemunde, for appellant.

Don Stenberg, Attorney General, and Delores Coe-Barbee for appellee.

 

HANNON, IRWIN, and MUES, Judges.

IRWIN, Judge.

In this case we determine whether the crime of attempted reckless assault on an officer in the second degree exists under the laws of this state. See Neb. Rev. Stat. §§ 28-930(1)(b) and 28-201 (Reissue 1989). Defendant, Terry L. Hemmer, was charged with such crime in the district court for Pierce County and pled no contest to the charge. Hemmer claims on appeal that the information was insufficient to charge a crime and that his sentence was excessive. We find that the crime of attempted reckless assault on an officer in the second degree does not exist in this state, and we, therefore, reverse Hemmer's conviction.

## FACTUAL BACKGROUND

The factual background for this case is taken from the factual basis for Hemmer's plea, which was supplied by the Deputy Pierce County Attorney during the district court proceedings. According to the factual basis, on January 15, 1994, a Platte County sheriff's deputy attempted to stop Hemmer for a speeding violation. When Hemmer would not stop, a high-speed chase ensued. The chase continued from Platte County through Madison County and into Pierce County, at which time there were 8 to 10 law enforcement officers from four different law enforcement agencies involved in the chase.

During the chase, Hemmer ran two roadblocks set up by police. One roadblock had been set up by the Pierce County sheriff in the town of Osmond. As Hemmer's vehicle was being chased through Osmond by a State Patrol trooper, the sheriff parked his vehicle in the middle of a street in the path of the pursuit and exited the vehicle. The sheriff then attempted to "flag the Hemmer vehicle down" as it approached, but when Hemmer's vehicle did not stop, the sheriff was forced to "dive into a snowbank" to avoid being struck. Hemmer was later apprehended in a rural area after his vehicle ran out of gas.

On March 2, 1994, Hemmer was charged with several crimes relating to the incident, including attempted assault on an officer in the second degree. With regard to this charge, the information alleged that Hemmer attempted to *"intentionally*

*or recklessly* cause bodily injury with a dangerous instrument to a peace officer." (Emphasis supplied.) On March 22, Hemmer filed a motion to quash the attempted assault charge, alleging that it is "legally impossible to commit the crime of attempting to recklessly cause bodily injury with a dangerous instrument to a peace officer."

Subsequently, a plea agreement was reached under which the information was amended to charge only one crime, attempt to "*recklessly* cause bodily injury . . . to a peace officer." (Emphasis supplied.) See § 28-930(1)(b). The plea agreement called for Hemmer to plead guilty to this charge. The court accepted Hemmer's plea and found him guilty as charged in the amended information. The court subsequently sentenced Hemmer to 9 months' imprisonment and ordered him to pay court costs. Hemmer thereafter timely appealed to this court.

## ASSIGNMENTS OF ERROR

Hemmer claims that the trial court erred in (1) accepting his plea and finding him guilty based upon an insufficient information, (2) imposing an excessive sentence, and (3) not sentencing him to probation. Because our resolution of the first assigned error is determinative of this appeal, we will not address Hemmer's second and third assigned errors. See *Kelly v. Kelly*, 246 Neb. 55, 516 N.W.2d 612 (1994).

## STANDARD OF REVIEW

The issues raised by Hemmer's first assigned error are questions of law. Regarding questions of law, an appellate court has an obligation to reach a conclusion independent from that of the trial court in a judgment under review. *State v. Roche, Inc.*, 246 Neb. 568, 520 N.W.2d 539 (1994); *State v. White*, 244 Neb. 577, 508 N.W.2d 554 (1993).

## DISCUSSION

Hemmer pled no contest to the charge of attempting to recklessly assault an officer in the second degree. A plea of no contest waives every defense to the charge, whether the defense is procedural, statutory, or constitutional, except the defense that the information is insufficient to charge a crime. *State v. Spiegel*, 239 Neb. 233, 474 N.W.2d 873 (1991).

Criminal attempt is defined by § 28-201 as follows:

(1) A person shall be guilty of an attempt to commit a crime if he:

(a) Intentionally engages in conduct which would constitute the crime if the attendant circumstances were as he believes them to be; or

(b) Intentionally engages in conduct which, under the circumstances as he believes them to be, constitutes a substantial step in a course of conduct intended to culminate in his commission of the crime.

(2) When causing a particular result is an element of the crime, a person shall be guilty of an attempt to commit the crime if, acting with the state of mind required to establish liability with respect to the attendant circumstances specified in the definition of the crime, he intentionally engages in conduct which is a substantial step in a course of conduct intended or known to cause such a result.

Assault on an officer in the second degree is defined in § 28-930 as follows:

(1) A person commits the offense of assault on an officer in the second degree if he or she:

(a) Intentionally or knowingly causes bodily injury with a dangerous instrument to a peace officer or employee of the Department of Correctional Services while such officer or employee is engaged in the performance of his or her official duties; or

(b) Recklessly causes bodily injury with a dangerous instrument to a peace officer or employee of the Department of Correctional Services while such officer or employee is engaged in the performance of his or her official duties.

(2) Assault on an officer in the second degree shall be a Class III felony.

Under the amended information, Hemmer was only charged with attempt to "recklessly cause bodily injury with a dangerous instrument to a peace officer." See § 28-930(1)(b).

Hemmer claims that it is legally impossible to commit a crime of attempt to recklessly cause bodily injury because the attempt statute requires that the actor intentionally attempt to commit

the underlying crime. Before addressing this argument, we find it necessary to clarify the levels of culpability that are involved in the two statutes at issue in this case.

The attempt statute mentions two levels of culpability, "intentional" and "knowing." See § 28-201(1) and (2). The crime of assault on a peace officer in the second degree has three potential levels of culpability: intentional, § 28-930(1)(a); knowing, § 28-930(1)(a); and reckless, § 28-930(1)(b). However, the information only charged Hemmer with attempted "reckless" assault on an officer in the second degree.

The Nebraska Supreme Court has stated that "[i]ntentionally means 'willfully' or 'purposely,' and not accidentally or involuntarily." *State v. Coca*, 216 Neb. 76, 81, 341 N.W.2d 606, 610 (1983). "Purposely" is defined in the Model Penal Code as follows:

> A person acts purposely with respect to a material element of an offense when:
>
> (i) if the element involves the nature of his conduct or a result thereof, it is his conscious object to engage in conduct of that nature or to cause such a result; and
>
> (ii) if the element involves the attendant circumstances, he is aware of the existence of such circumstances or he believes or hopes that they exist.

Model Penal Code § 2.02(2)(a) at 225 (1985).

The Nebraska Supreme Court has also discussed the definition of "knowing," stating, "The meaning of the word 'know' or 'knowingly' in a penal statute varies in the context in which it is used." *Hancock v. State ex rel. Real Estate Comm.*, 213 Neb. 807, 811-12, 331 N.W.2d 526, 530 (1983). In *State v. LaFreniere*, 240 Neb. 258, 262-63, 481 N.W.2d 412, 414-15 (1992), the court stated:

> "The meaning of 'knowingly' in a criminal statute commonly imports a perception of facts required to make up the crime. . . ." . . .
>
> . . . " 'When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person is aware of a high probability of its existence, unless he actually believes that it does not exist.' "

■ "Recklessly" is the only degree of culpability defined in the Nebraska Criminal Code. The criminal code defines "recklessly" nearly the same as it is defined by the Model Penal Code:

Recklessly shall mean acting with respect to a material element of an offense when any person disregards a substantial and unjustifiable risk that the material element exists or will result from his or her conduct. The risk must be of such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to the actor, its disregard involves a gross deviation from the standard of conduct that a law-abiding person would observe in the actor's situation.

Neb. Rev. Stat. § 28-109(19) (Cum. Supp. 1994). See Model Penal Code § 2.02(2)(c) (1985).

■ In *State v. Sodders*, 208 Neb. 504, 304 N.W.2d 62 (1981), the Nebraska Supreme Court discussed the attempt statute and the requisite mental states that accompany § 28-201(1)(a), (1)(b), and (2). In its discussion, the court indicated that where a particular result is an element of the underlying crime, subsections (1)(a) and (b) of the attempt statute require that the actor intended the result, i.e., an intentional mens rea. The court then stated:

Subsection (2) of § 28-201 . . . as applied to the defendant in this case, . . . adds nothing to subsections (1)(a) and (b). It simply restates that if one purposefully and with . . . premeditated malice intends to kill another and engages in conduct which constitutes a substantial step in a course of conduct *intending to cause such death*, the actor is guilty of attempted murder in the first degree. It does appear to cover an additional situation not applicable here: where the actor *does not intend to cause the specific result* but engages in conduct which is *known* by him in the natural progression of events to cause such result . . . .

(Emphasis supplied.) (Emphasis in original.) *Sodders*, 208 Neb. at 507-08, 304 N.W.2d at 65.

■ The above discussion indicates that where a particular result is an element of the underlying crime, § 28-201(1)(a) and

(b) requires that the actor intend such result for a conviction of criminal attempt. In other words, it must be the actor's conscious object to cause such result. Under § 28-201(2), however, the actor can be convicted of criminal attempt if he *knows* that his conduct will produce the result. In other words, the actor can be convicted of attempt if he is aware of the high probability that such result will occur, even if he does not intend such result.

The underlying crime, as charged in this case, does not contain an intentional or a knowing state of mind as an element, as is required by § 28-201. As charged in the amended information, the crime is not an intentional or knowing one, but, rather, a reckless one. As the Supreme Court stated in *Sodders*, the attempt statute only applies to crimes committed knowingly or intentionally. The attempt statute thus does not apply to a crime such as an attempt to *recklessly* cause bodily injury to a peace officer because the mens rea of "reckless" does not rise to the level of "knowing" or "intentional" as required by the attempt statute. See § 28-201. This result reflects the position taken by the Model Penal Code.

The comment to § 5.01 of the Model Penal Code discusses the issue of whether the law of attempt should be applied to cases where the underlying crime contains a reckless mens rea and has a result as an element:

> Cases will arise where the defendant engaged in conduct that recklessly or negligently created a risk of death, but where the death did not result. Should the law of attempts encompass such cases?
>
> The approach of the Model Code is not to treat such behavior as an attempt. Instead the Code creates a separate crime, a misdemeanor, for recklessly placing another person in danger of death or serious bodily injury. The Institute's judgment was that the scope of the criminal law would be unduly extended if one could be liable for an attempt whenever he recklessly or negligently created a risk of any result whose actual occurrence would lead to criminal responsibility. While it was believed that the reckless creation of risk of death or serious bodily harm was grave enough for general coverage, even for this

behavior misdemeanor penalties seemed more apt than the severer sanctions attached to felony attempts.

Model Penal Code § 5.01, comment at 303-04 (1985).

A majority of other jurisdictions addressing this issue has also held that one cannot commit the crime of attempt where the underlying crime contains only a reckless mens rea. See, e.g., *People v. Foy*, 155 Misc. 2d 81, 587 N.Y.S.2d 111 (1992); *Minshew v. State*, 594 So. 2d 703 (Ala. Crim. App. 1991); *State v. Dunbar*, 117 Wash. 2d 587, 817 P.2d 1360 (1991) (en banc); *Wells v. State*, 555 N.E.2d 1366 (Ind. App. 1990); *People v. Coleman*, 131 Ill. App. 3d 76, 475 N.E.2d 565 (1985); *State v. Zupetz*, 322 N.W.2d 730 (Minn. 1982); *State v. Smith*, 21 Or. App. 270, 534 P.2d 1180 (1975); *State v. Melvin*, 49 Wis. 2d 246, 181 N.W.2d 490 (1970). Cf. *State v. Tagaro*, 7 Haw. App. 291, 757 P.2d 1175 (1987). But, see, *People v. Thomas*, 729 P.2d 972 (Colo. 1986) (en banc); *Gentry v. State*, 437 So. 2d 1097 (Fla. 1983).

After reviewing the above authority, we conclude that there is no crime in the State of Nebraska for attempted *reckless* assault on a peace officer in the second degree. We note, however, that our decision in no way affects the validity of the crimes of attempted *intentional* or *knowing* assault on a peace officer in the second degree. See § 28-930(1)(a).

## CONCLUSION

The crime of attempted reckless assault on a peace officer in the second degree is not a crime under the statutes and case law of Nebraska. Hemmer, therefore, correctly asserts that the amended information was insufficient to charge a crime, and accordingly, we reverse his conviction.

REVERSED.