

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-14-746

| | |
|---|---|
| BRYCE ALLEN<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered June 3, 2015<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION<br>[NO. CR-2012-1317]<br><br>HONORABLE BARRY SIMS, JUDGE<br><br>AFFIRMED |

## BRANDON J. HARRISON, Judge

Bryce Allen was convicted by a Pulaski County jury of one count of second-degree murder and two counts of attempted second-degree murder. He now appeals, arguing that the jury should have been instructed on attempted reckless manslaughter as a lesser-included offense of attempted second-degree murder. We affirm.

The facts underlying this criminal case are not in dispute. On 19 March 2012, Allen's mother, Thelma, was involved in a one-vehicle accident on Highway 161 at approximately 10:30 p.m. Thelma was unhurt, but her vehicle ruptured a gas main on the side of the highway. Thelma called Allen to tell him about the accident, and he indicated that he was on his way there.

Meanwhile, Jacksonville Police Officer Daniel DiMatteo responded to the accident, along with Captain Donald Jones and Engineer Jason Bowmaster from the Jacksonville Fire Department. Both DiMatteo's police cruiser and the fire truck were

parked on the side of the road with lights flashing, and all three men were wearing reflective vests as they worked on scene. Jones and Bowmaster attempted to shut off the gas but were unable to do so, and after determining that the gas company would have to be called, the three men stood in front of their vehicles on the side of the road discussing the situation.

Suddenly, DiMatteo heard the sound of an engine accelerating and turned to see an Oldsmobile van come around the emergency vehicles and turn toward the three men. The van, driven by Allen and traveling approximately twenty-three miles an hour, struck all three men. Captain Jones died at the scene; Bowmaster and DiMatteo both sustained severe injuries, including multiple broken bones. A video of the impact, captured by the dashcam in DiMatteo's police cruiser, showed that Allen did not apply the van's brakes until after he hit the men. DiMatteo also described Allen as "death gripping the steering wheel" right before the impact with a "mean scowl on his face" and stated that "because of where I was standing and the way in which that vehicle was steered and aimed towards the three of us, there's no doubt in my mind that that was done on purpose."

In an accident form filled out that night, Allen claimed that the cruise control on the van had malfunctioned, that the accelerator went to the floor, and that he lost control of the vehicle. The van was inspected by an automotive mechanic, who testified at trial that there were no problems with the accelerator or the cruise control and that the cruise control would not engage in a vehicle traveling at twenty-three miles per hour. Also at trial, it was undisputed that Allen suffered from bipolar disorder, although expert medical opinions differed on whether that was a contributing factor to the incident.

SLIP OPINION

After all of the evidence had been presented, jury instructions were selected, and pertinent to this appeal, the parties agreed on attempted first-degree-murder and attempted second-degree-murder instructions regarding DiMatteo and Bowmaster. Allen also proffered an instruction for attempted manslaughter, which read as follows:

> Criminal Attempt to Commit Manslaughter. A person commits the offense of Manslaughter if he recklessly causes the death of another person.
> To sustain the charge of Criminal Attempt to Commit Manslaughter, the State must prove beyond a reasonable doubt:
> First: Bryce Allen intended to commit the offense of Manslaughter;
> Second: The defendant purposely engaged in conduct that was a substantial step in a course of conduct intended to culminate in the commission of Manslaughter; and
> Third: The defendant's conduct was strongly corroborative of the criminal purpose.
>
> Definition
>
> "Recklessly." – A person acts recklessly with respect to the results of his conduct when he consciously disregards a substantial and unjustifiable risk that the results will occur. The risk must be of a nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the same situation.

Allen argued that attempted manslaughter was a lesser-included offense of attempted first- and second-degree murder and that the instruction for attempted manslaughter was appropriate because

> Arkansas [Code] Annotated [§] 5-3-201(B) states that with respect to offenses respecting attendant circumstances were required by the definition, recklessly does have a result element of causing the death. And that is it complied [sic] to both the result and the attendant circumstances. And because it requires proof of a result and proof that Mr. Allen acted recklessly with [sic] disregarding the substantial and unjustifiable risk of his conduct, we argue that he's entitled to a jury instruction setting forth that he took a substantial step toward that.

The State objected to the instruction, arguing that "there's not an intent on a reckless or negligent conduct if we were going down that far. The intent would be the *mens rea* of purpose and knowingly. But one can't attempt to cause what is a reckless offense." After some discussion, the circuit court agreed with the State, noting that "manslaughter's a crime because of reckless conduct, not knowing or purpose," and denied the request to instruct on attempted manslaughter.

The jury found Allen guilty of second-degree murder as to Captain Jones and attempted second-degree murder as to DiMatteo and Bowmaster. The circuit court sentenced Allen to consecutive terms of thirty years' imprisonment for second-degree murder and twenty years' imprisonment for each count of attempted second-degree murder, for a total of seventy years' imprisonment.[1] Allen appealed.

On appeal, he argues that the jury should have been given an instruction on attempted reckless manslaughter. A party is entitled to a jury instruction when it is a correct statement of the law and when there is some basis in the evidence to support giving the instruction. *Vidos v. State*, 367 Ark. 296, 239 S.W.3d 467 (2006). An instruction should be excluded when there is no rational basis for giving it. *Grillot v. State*, 353 Ark. 294, 107 S.W.3d 136 (2003). A circuit court's decision whether to give an instruction will not be reversed unless the court abused its discretion. *Vidos, supra.* Abuse of discretion is a high threshold that does not simply require error in the circuit court's decision but requires that the circuit court act improvidently, thoughtlessly, or without

---

[1] Allen's sentencing order and amended sentencing order were filed electronically, with the circuit judge's signature appearing on a separate, fourth page of the orders. We remind counsel and the bar that all pages of a sentencing order must be included in the addendum, including the circuit judge's signature page.

4

due consideration. *Dixon v. State*, 2011 Ark. 450, 385 S.W.3d 164. A party is entitled to an instruction on a defense or a lesser-included offense if there is sufficient evidence to raise a question of fact or if there is any supporting evidence for the instruction. *Norris v. State*, 2010 Ark. 174, 368 S.W.3d 52.

A person commits manslaughter if the person recklessly causes the death of another person. Ark. Code Ann. § 5-10-104(a)(3) (Repl. 2013). "Recklessly" is defined as follows:

> (A) A person acts recklessly with respect to attendant circumstances or a result of his or her conduct when the person consciously disregards a substantial and unjustifiable risk that the attendant circumstances exist or the result will occur.
> (B) The risk must be of a nature and degree that disregard of the risk constitutes a gross deviation from the standard of care that a reasonable person would observe in the actor's situation[.]

Ark. Code Ann. § 5-2-202(3) (Repl. 2013). When causing a particular result—such as death—is an element of an offense, a person commits the offense of criminal attempt if, acting with the required culpable mental state of the target offense, he purposely engages in conduct that constitutes a substantial step in a course of conduct intended or known to cause the particular result. Ark. Code Ann. § 5-3-201(b) (Repl. 2013). To be considered a "substantial step," conduct must be strongly corroborative of the person's criminal intent. Ark. Code Ann. § 5-3-201(c).

Allen argues that attempted reckless manslaughter is a lesser-included offense of attempted first-degree and attemped second-degree murder. He says that he was "aware of a substantial and unjustifiable risk that the two victims who did not die were present when he drove his vehicle toward them" and that "he purposely engaged in conduct that

constituted a substantial step in a course of conduct that he intended or knew would cause the victims' deaths." Thus, he argues, the circuit court abused its discretion in denying his request for an instruction on attempted reckless manslaughter.

The State contends that attempted reckless manslaughter is not a lesser-included offense of attempted first- or second-degree murder and that Allen has misconstrued the law of criminal attempt. The State explains that

> [t]he crime of reckless manslaughter requires that the result of death occur. Where a result is required for the commission of a crime, the criminal attempt statute requires that the substantial step taken by the defendant be initiated with the intent or knowledge to cause that result—here, death of the victim. Because the crime of reckless manslaughter does not require intent to kill, appellant could not have attempted to commit reckless manslaughter.

In other words, Allen requested an instruction that required, in part, for the jury to find that he purposely engaged in conduct that was a substantial step in recklessly causing the death of another person. But if a person purposely (or knowingly) engages in conduct that constitutes a substantial step toward causing the death of another person, then the conduct is an intentional act and, by definition, either attempted first-degree or attempted second-degree murder.

The State also argues that, even assuming that attempted reckless manslaughter is a lesser-included offense of attempted second-degree murder, there was no rational basis for giving the instruction on attempted reckless manslaughter in this case. According to the State, the evidence established that Allen purposely accelerated his van and hit the victims, which was "intended or practically certain to cause the death of Bowmaster and DiMatteo." Indeed, by Allen's own admission, "[h]is conduct in running over the victims

constituted a substantial step in a course of conduct that he *knew* would cause the death of the victims." (Emphasis added.) In other words, he acted knowingly.[2]   Thus, an instruction on attempted second-degree murder was proper, and the circuit court did not abuse its discretion in denying the proffered instruction on attempted reckless manslaughter.

Allen acknowledges that some jurisdictions have agreed with the State's position and found that attempted reckless manslaughter does not exist because of the inherent inconsistency in acting both recklessly and purposely.  *See, e.g.*, *Stennet v. State*, 564 So. 2d 95, 96 (Ala. Crim. App. 1990) (holding that it is impossible to intend to recklessly cause the death of another because "intentional" and "reckless" are inconsistent terms); *State v. Howard*, 405 A.2d 206, 212 (Me. 1979) ("Because of the discrepancy in culpable mental states between criminal attempt on the one hand and manslaughter on the other, the proffered crime of 'attempted manslaughter' is a logical impossibility."); *State v. Zupetz*, 322 N.W.2d 730, 735 (Minn. 1982) (holding that is is "illogical that someone could intend to cause someone else's death through negligence or even recklessness"); *State v. Hemmer*, 531 N.W.2d 559 (1995) (acknowledging that the attempt statute applies only to crimes committed knowingly or intentionally); *State v. Kimbrough*, 924 S.W.2d 888, 892 (Tenn. 1996) ("[I]t does not make sense to say that a defendant intended to kill the victim by being reckless.").

---

[2] A person commits second-degree murder if he knowingly causes the death of another person under circumstances manifesting extreme indifference to the value of human life. Ark. Code Ann. § 5-10-103(a)(1) (Repl. 2013).

Allen also cites *People v. Thomas*, 729 P.2d 972 (Colo. 1986), which held that attempted reckless manslaughter was a cognizable crime. The Colorado Supreme Court explained that the culpable mental state for attempted reckless manslaughter is that the accused knowingly engage in conduct while consciously disregarding a substantial and unjustifiable risk of death, and even though death is an element of reckless manslaughter, one may commit the crime of attempted reckless manslaughter without intending that death occur. *Id.* at 974–75. And because attempt requires the same mental culpability as the underlying crime, the Colorado Supreme Court held that there is no inconsistency between the mental-culpability requirement for attempt and that for the underlying crime, reckless manslaughter. *Id.* at 975. According to Allen, our criminal attempt statute

> resolves the "recklessly"/"purposely" paradox by removing the result element of "recklessly" manslaughter—consciously disregarding a substantial and unjustifiable risk that the defendant's conduct will cause the death of another person—from modification by a culpable mental state element in the definition of attempted "recklessly" manslaughter. . . . Pursuant to § 5-3-201(b), neither a recklessly nor a purposely culpable mental state modifies the result element where the offense that is attempted requires proof of a result. . . . [V]iewing the evidence in the light most favorable to Appellant Allen, he was entitled to a lesser offense jury instruction defining attempted "recklessly" manslaughter because he acted purposely with regard to his conduct and he acted recklessly with regard to the attendant circumstance[s] of the existence and presence of the victims.

We agree with the State, and a number of other jurisdictions that have addressed the issue, and hold that the crime of attempted reckless manslaughter is inherently contradictory. The phrase "[w]hen causing a particular result is an element of the offense," as it is used in the criminal-attempt statute, means that the attempted offense involves an intentional act. It would be illogical to ask the jury to find that Allen intended to act recklessly or that he purposely engaged in conduct that was a substantial step in a

8

SLIP OPINION

course of conduct intended to culminate in acting recklessly. Because the proffered instruction is not an accurate statement of Arkansas law, the circuit court did not err in denying the instruction.

Even if the instruction was based on sound law, there was no rational basis for giving the instruction in this case. As noted earlier, by Allen's own admission, he acted knowingly, thus an instruction on attempted second-degree murder, and not attempted reckless manslaughter, was proper. Also, Allen's act of driving the van into the three men without even attempting to brake goes beyond a gross deviation of the standard of care that a reasonable person would observe. In other words, it was not a rational activity that was carried out recklessly; instead, Allen's actions were intentional, regardless of whether he intended to bring about the particular result of death. *See Bankston v. State*, 361 Ark. 123, 205 S.W.3d 138 (2005) (holding that defendant who approached an occupied vehicle and fired a gun four times into vehicle while it was stopped at a light was not entitled to jury instruction on manslaughter based on recklessly causing the death of another person). In *Bankston*, our supreme court concluded that "[r]egardless of what her intentions may have been, the evidence shows that her actions were deliberate, not merely reckless." *Id.* at 133, 205 S.W.3d at 145. Likewise, the evidence in this case sufficiently supported the contention that Allen deliberately hit the men with his van, so there was no rational basis for a jury instruction on attempted reckless manslaughter.

Affirmed.

GRUBER and VAUGHT, JJ., agree.

 

*Cheryl Barnard*, Deputy Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., and *Matthew Rowland*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of Supreme Court under the supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.